**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **CAUSE NO. 1:06CV953** |
| | § | |
| **JACK MANDRGOC** | § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

THIS CAUSE COMES BEFORE THE COURT for consideration of the Motion for Summary Judgment [9] filed by Plaintiff, The United States of America. The United States brought this action to reduce to judgment unpaid federal income tax liabilities of Defendant, Jack Mandrgoc, for the 1991 and 1995 tax years. The Defendant did not file a response. After due consideration of the Motion, supporting evidence and the relevant law, it is the Court's opinion that there is no question of material fact for the jury. The Motion will therefore be granted.

DISCUSSION

According to the Complaint filed by the United States, in 1996, the Defendant was assessed for unpaid income tax, penalties and interest for tax years 1991 and 1995. Compl. 2-3. The United States provided notice to the Defendant and demanded payment pursuant to 26 U.S.C. § 6303, but Defendant failed to pay the full amount owed. *Id.* The amount unpaid for tax year 1991 is alleged to be $503,302 as of January 10, 2006. Compl. 2. The amount unpaid for tax year 1995 is alleged to be $227,696 as of January 10, 2006. Compl. 3.

The United States now moves for summary judgment pursuant to FED. R. CIV. P. 56(e), asserting that the uncontroverted evidence establishes that proper assessments have been made with respect to Defendant's 1991 and 1995 federal tax liabilities, which have not been paid by the Defendant, and therefore the United States is entitled to judgment for both the 1991 and 1995 tax

years.

Summary judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial.  FED. R. CIV. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Factual controversies are resolved in favor of the nonmoving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th  Cir. 1994).  The Defendant has not submitted any argument or evidence in opposition to the United States' Motion.  Nevertheless, the United States has the burden of establishing the absence of a genuine issue of material fact and, unless it has done so, the Court may not grant the Motion, regardless of whether any response was filed. *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

An assessment of federal tax by the Internal Revenue Service is presumed valid.  *See, e.g., Welch v. Helvering*, 290 U.S. 111,115 (1933); *United States v. Chila*, 871 F. 2d 1015, 1018 (11th Cir. 1985); *Gentry v. United States*, 962 F.2d 555, 557-58 (6th Cir. 1992).  A taxpayer has the burden of overcoming the presumption of correctness by proving that the method of computing the tax, and therefore the assessment, is arbitrary and without foundation.  *Olster v. Commissioner*, 751 F.2d 1174 (11th Cir. 1985) (citing *Mersel v. United States*, 420 F.2d 517, 520 (5th Cir. 1969)).

The United States has provided evidence that a delegate of the Secretary of the Treasury assessed federal income tax liabilities against Mandrgoc for the tax years and on the dates listed below, and as of November 26, 2007, there remained the listed unpaid balances of those assessments.

-2-

| Tax Year | Assessment Dates | Unpaid Assessed Balance | Total Unpaid Tax Liabilities, Including Unassessed Statutory Additions |
|---|---|---|---|
| 1991 | September 16, 1996, April 7, 1997, and November 28, 2005 | $255,430.70 | $582,219.12 |
| 1995 | November 25, 1996 and November 28, 2005 | $130.041.44 | $263,465.31 |
| **Total** | | | $845,684.43 |

(Gov. 1 ¶ 2)

Notice of the assessments and demand for payment were properly made on Jack
Mandrgoc.  (Gov. 1 ¶ 3).  Jack Mandrgoc's tax liability for these years remains outstanding.
Interest and statutory additions have accrued on the unpaid liabilities, and as of November 26,
2007, he is indebted to the United States in the amount of $845,684.43, plus fees, interest, and all
statutory additions thereafter as provided by law.  (Gov. 1 ¶ 4).  In light of this uncontroverted
evidence, the Court finds there is no question of material fact for the jury.   Summary Judgment in
favor of the United States will therefore be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary
Judgment [9] filed by Plaintiff, The United States of America, is **GRANTED**.  The United States
is entitled to judgment against Mandrgoc in the amount of $845,684.43 as of November 26, 2007,
plus fees, interest, all statutory additions thereafter as provided by law, and the costs of this
action.

**SO ORDERED AND ADJUDGED** this the 11th day of March 2008.

s/ *Louis Guirola, Jr.*

Louis Guirola, Jr.
United States District Judge

-3-